825 F.2d 408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wilson R. SWARTZ, Plaintiff-Appellant,
v.
PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant-Appellee.
 No. 86-2607
 United States Court of Appeals, Fourth Circuit.
 Argued May 5, 1987.
Decided July 30, 1987.
 
 William Gray Schaffer, for appellant.
 Thomas John Cawley (Stephen M. Sayers, Hunton & Williams, on brief), for appellee.
 Before WINTER, Chief Judge, HAYNSWORTH, Senior Circuit Judge, and HARGROVE, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Wilson Swartz sued Prudential Insurance Company of America (Prudential) claiming that Prudential had breached its health insurance contract with him.* The district court granted summary judgment to Prudential and Swartz appeals contending that disputed issues of fact rendered summary judgment inappropriate, and that, in any event, the district court abused its discretion in declining to grant Swartz's unopposed motion to amend his complaint with regard to his contract claim.
 
 
 2
 We affirm.
 
 
 3
 A full recitation of the facts is unnecessary. It suffices to say that Prudential did breach its contract by declining to accept a payment of premium, made to its agent within the grace period for payment, and cancelling the policy. Instead, Prudential returned the payment. But it is undisputed that, when it realized its error, it offered to reinstate the policy if Swartz would return the payment. This Swartz failed to do even though he knew that if he retained the premium he would not have insurance coverage. Rather than return the premium, he used the money for other purposes. We agree with the district court that Swartz's failure to return the premium constituted acquiescence in termination of the coverage.
 
 
 4
 Swartz's motion to amend his complaint was broad in scope. It related primarily to tort claims which had already been decided against him and only peripherally to his claim for breach of contract. Moreover, the amendment sought made no material difference in the statement of his claim for breach of contract. We perceive no abuse of discretion on the part of the district court in denying leave to amend.
 
 
 5
 AFFIRMED.
 
 
 
 *
 In his complaint, Swartz also asserted other causes of action. They were decided against him and the correctness of those rulings is not questioned on appeal